IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MELISSA B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil No. 20-9029 (RMB) <br><br><br> OPINION |

**APPEARANCES**

Alan H. Polonsky
Polonsky and Polonsky
512 S. White Horse Pike
Audubon, New Jersey 08106

 *On behalf of Plaintiff*

Brittany Johanna Gigliotti
Social Security Administration
300 Spring Garden Street, 6th Floor
Philadelphia, Pennsylvania 19123

 *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

 This matter comes before the Court upon the appeal filed by Plaintiff Melissa B. seeking judicial review of the final determination of the Commissioner of the Social Security Administration (the "Commissioner" and the "SSA," respectively),

which denied Plaintiff's applications for Social Security Disability benefits. For the reasons set forth herein, the Court will affirm the decision of the Administrative Law Judge ("ALJ").

## I. PROCEDURAL HISTORY

On March 9, 2017, Plaintiff protectively filed applications for Social Security Disability benefits under Title II and Title XVI of the Social Security Act (the "Act"), alleging an onset date of disability beginning October 1, 2015. [R. at 15.] The claims were first denied on June 30, 2017, and again denied upon reconsideration on August 9, 2017. [*Id.*] On August 15, 2017, Plaintiff filed a written request for a hearing before an ALJ. [*Id.*] That hearing took place on March 19, 2019. [*Id.*] Plaintiff was represented by Alan Polonsky, an attorney, at that hearing, at which the ALJ heard testimony from Plaintiff and impartial vocational expert William T. Slaven, III. [*Id.*]

On May 6, 2019, the ALJ issued a decision denying Plaintiff's claim for benefits. [R. at 15–25.] Plaintiff requested Appeals Council review of that decision on July 1, 2019. [R. at 202–05.] That Request was denied by the Appeals Council on June 5, 2020, rendering the ALJ's decision final. [R. at 1–7.] Plaintiff now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019); 42

U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Albert Einstein Med. Ctr. v. Sebelius*, 566 F.3d 368, 372 (3d Cir. 2009).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. *See Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. *Hess*, 931 F.3d at 208 n.10 (citing *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i–v). The claimant bears the burden of proof at steps one through four, whereas the Commissioner bears the burden of proof at step five. *Hess*, 931 F.3d at 201. Recently, the Third Circuit described the ALJ's role in the Commissioner's inquiry at each step of the analysis:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id.* Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations." [*Smith v. Comm'r of Soc. Sec.*], 631 F.3d [632, 634 (3d Cir. 2010)]. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.

> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

*Hess*, 931 F.3d at 201–02 (some alterations omitted).

### III. FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Plaintiff, who was born on February 3, 1987, was 28 years old on the alleged onset date and 32 years old at the time of her administrative hearing on March 19, 2019. [*See* R. at 15, 24.] Plaintiff met the insured status requirements of the Social Security Act through June 30, 2016, meaning that she must establish disability on or before that date to be entitled to benefits. [*See* R. at 18.]

#### A.   Plaintiff's Educational and Work History

"Plaintiff has at least a high school education and is able to communicate in English." [R. at 24.] She testified that she attended college for three years but did not receive a degree. [R. at 42.] She has no past relevant work. [R. at 24.] The ALJ found that Plaintiff did not engage in substantial gainful activity after October 1, 2015, although she earned $997 in 2017. [R. at 18.]

### B. Plaintiff's Medical History

Plaintiff suffers from the following mental impairments, which the ALJ determined to be severe: major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder ("PTSD"), and bipolar disorder. [*Id.*] She also suffers from numerous physical impairments, which the ALJ determined not to be severe: lower back pain (lumbar spine impairment and cervical spine impairment), disc bulges, asthma, migraines, gastroparesis, and obesity. [R. at 18–19.]

### C. The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in gainful activity during the relevant period of October 1, 2015, through May 6, 2019. [R. at 18.]

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "major depressive disorder, generalized anxiety disorder, PTSD, and bipolar disorder." [*Id.* (cleaned up).] The ALJ also noted several non-severe physical impairments. [*See* R. at 18–19.]

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. [R. at 14–16.] The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." [R. at 19–21.]

At step four, the ALJ found that, during the relevant period, Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand, remember and carry out simple and detailed but not complex tasks. The claimant can make simple and detailed but not complex work decisions, consistent with semi-skilled work, in a routine environment with few if any workplace changes. The claimant can work for two hours before needing a break. The claimant can have occasional contact with supervisors and co-workers, in proximity. The claimant can have occasional contact with the public that is brief and superficial in nature.

[R. at 21–24.] The ALJ also found that Plaintiff "has no past relevant work." [R. at 24.]

At step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." [R. at 24.] Specifically, the ALJ adopted the VE's testimony that Plaintiff could perform the following occupations: "Hand Packager (DOT # 920.687-018)," "Finger Print Clerk I (DOT # 209.367-026)," and "Office Helper (DOT # 239.567-010)." [R. at 24–25.] Therefore, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from October 1, 2015, through" May 6, 2019. [R. at 25.]

## IV.   DISCUSSION

Plaintiff raises three arguments in support of remanding this case. First, she argues that the ALJ's "finding that [her] condition was not of a level of severity that met the requirements of the Listings of Impairments is not supported by an adequate rationale and is not supported by substantial evidence." [Docket No. 11, at 17–21.]

7

Second, she argues that "[t]he decision of the [ALJ] as to [her] residual functional capacity is not supported by substantial evidence." [*Id.* at 21–23.] Third, Plaintiff argues that "[t]he [ALJ's] decision that [Plaintiff] could engage in alternative work at step five was not supported by substantial evidence." [*Id.* at 24–32 (cleaned up).] The Court will address each argument in turn.

### A.     Severity of Plaintiff's Impairments

Plaintiff first argues that the ALJ's determination that Plaintiff's mental impairments did not meet the requirements of the Listings of Impairments was erroneous. [*Id.* at 17–21.] The ALJ was responsible for assessing how severely Plaintiff's impairments limited her in the following areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself. *See* 20 C.F.R. § 404, Subpart P, Appendix 1, Part A, § 12.00(A)(2)(b). The severity for each of those areas can be no limitation, mild limitation, moderate limitation, marked limitation, or extreme limitation. *Id.* To meet the Listings of Impairments requirements, a claimant's mental impairments "must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." *Id.*

Here, the ALJ held that Plaintiff's mental impairments only constituted "moderate," as opposed to "marked" or "extreme," limitations in each of the areas of mental functioning. [*See* R. at 19–21.] Plaintiff takes issue with the manner in which the ALJ "determined that there was a moderate impairment and not any other degree of functional limitation." [Docket No. 11, at 19.] She claims that the ALJ

repeatedly considered Plaintiff's testimony and records from Dr. Bogacki and, without there being any "logical connection" between the evidence, came to "a conclusion and a few random assertions but no logical nexus between the two." [*Id.* at 20.] This, Plaintiff argues, means that the ALJ's decision was not supported by substantial evidence and therefore should be remanded.

Defendant responds with two arguments. First, it argues that the ALJ's decision "reasonably evaluated [Plaintiff's] impairments under the listings." [Docket No. 12, at 8.] Second, Defendant argues that Plaintiff has not carried her burden to establish that she met or equaled a listed impairment. [*Id.* at 7–8.]

The Court agrees with both of Defendant's arguments. First of all, the ALJ adequately considered the evidence in the record, which supported the ALJ's conclusions with respect to Plaintiff's mental impairments. The ALJ considered Plaintiff's own testimony and medical treatment evidence, all of which logically led to the ALJ's decision. Plaintiff's argument that the ALJ erred in making this decision is unconvincing, especially given the fact that Plaintiff does not point to any contradictory evidence that the ALJ allegedly overlooked or did not adequately consider. [*See* Docket No. 11, at 17–20.] Rather, Plaintiff makes a blanket, unsupported assertion that the ALJ's conclusions "are inconsistent with any reasonable view of the entire record." [*Id.* at 20.] Plaintiff fails to make any coherent argument as to how this is true, given the evidence in the case.

Plaintiff's failure to make an affirmative argument that her mental impairments should have been determined to be "marked" or "extreme" also

9

provides another grounds for denying the appeal: By "not even attempt[ing] to demonstrate that the medical findings are equal in severity to all the criteria for any Listing," Plaintiff failed to meet her "burden of proof on appeal that the ALJ erred and that the error prejudiced" her. *See Farmer v. Comm'r of Soc. Sec.*, No. 19-13437 (SRC), 2020 U.S. Dist. LEXIS 211318, at *8–9 (D.N.J. Nov. 12, 2020) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)); *see also Soto v. Comm'r of Soc. Sec.*, No. 18-14165 (ES), 2020 U.S. Dist. LEXIS 223576, at *10–11 (D.N.J. Nov. 30, 2020) ("Thus, even [if] the court were to find that a portion of the ALJ's step-three analysis was deficient, Plaintiff nevertheless fails to meet her burden of presenting sufficient evidence that her medical problems were of listing severity such that the outcome would have been different if the ALJ had been more thorough.") Therefore, for both of the above reasons, the Court will not remand this matter on Plaintiff's arguments that the ALJ erred in concluding that Plaintiff does not suffer from an impairment or impairments of a level of severity that meets the requirements of the Listings of Impairments.

      B.    **Plaintiff's RFC Determination**

Next, Plaintiff makes a similarly blanket argument that the ALJ's finding regarding Plaintiff's RFC "is contrary to any reasonable view of the evidence." [Docket No. 11, at 22.] Plaintiff broadly argues that an RFC that limits a claimant "to only occasionally working at a job with only being able to occasionally interact with a supervisor is not consistent with any real world work activity." [*Id.* at 23.] She also seems to take issue in general with the ambiguous nature of the word "fair," as

opposed to "slightly limited" and "seriously limited," with respect to what it means to have a "moderate limitation." [*Id.*] Finally, she tersely argues that the lack of any physical exertional accommodation in the RFC "fails to take into account [Plaintiff's] testimony as to the physical pain she experiences" and that the ALJ did not adequately establish the weight she afforded various pieces of evidence. [*Id.* at 22.]

     Most of Plaintiff's arguments are not bases for remand. The closest she comes to making a successful argument is that the ALJ did not adequately consider Plaintiff's physical impairments—back pain and obesity—in formulating the RFC. However, as Defendant argues, the ALJ **did** consider Plaintiff's physical impairments and, based on a thorough review of the record, concluded that "there is insufficient evidence in the medical record that these impairments have more than a *de minimis* effect on the claimant's ability to perform physical or work activities." [R. at 18–19.] The ALJ specifically noted that it was not including any physical accommodations in the RFC because she did "not find the claimant's allegations of [physical] disability to be fully consistent with the medical evidence of the record because there were no medical opinions in the record from any treating sources who opined that the claimant had any physical . . . exertional or non-exertional limitations that corroborate the . . . testimony" upon which Plaintiff now bases her argument. [R. at 23.] This analysis by the ALJ shows that the decision was supported by substantial evidence and that the ALJ adequately explained why she was not

11

relying on Plaintiff's testimony with respect to her physical impairments. Therefore, the Court will not remand on this basis.[1]

## C. Step Five Finding

Finally, Plaintiff argues that the ALJ's "decision that [Plaintiff] could engage in alternative work at step five was not supported by substantial evidence." [Docket No. 11, at 24–32 (cleaned up).] Plaintiff first argues that, where the RFC "is not accurate, . . . any determination as to alternative work activity is invalid." [*Id.* at 24.] This is irrelevant here, as the Court concluded above that the RFC is supported by substantial evidence.

Plaintiff puts forth two other arguments with respect to the step five finding. The first argument revolves around the VE's indication that an individual would not be able to maintain employment if the individual's mental impairments precluded her from interacting with her supervisor when the supervisor wanted to interact with her. [*See id.* at 25–26.] Plaintiff argues that she is, in fact, so limited by her mental impairments and therefore could not maintain employment. [*Id.*] This hypothetical,

---

[1] Moreover, Plaintiff curiously concedes that the physical impairments "would likely not have precluded work activity of a light or sedentary nature" and therefore the allegation that the ALJ "wholly ignored" Plaintiff's physical impairments "in determining the [RFC] . . . would not have changed the ultimate decision of the [ALJ] and, to that extent, can be considered 'harmless error' in this case." [Docket No. 11, at 6 n.1.] The Court agrees with Plaintiff's concession, which provides another grounds for not remanding on this basis.

however, does not apply here because the ALJ's analysis, which this Court has already noted was supported by substantial evidence, did not find that Plaintiff's mental impairments limited her in this way. Rather, the ALJ found that Plaintiff needed to be limited to occasional contact with her supervisors and co-workers; nowhere did the ALJ conclude that Plaintiff would be unable to engage in contact at all with her supervisor, so long as the contact was only occasional. Therefore, this argument fails because, in essence, the hypothetical on which Plaintiff relies does not apply to Plaintiff given the now-affirmed RFC determination.

Plaintiff's final argument is that the VE's testimony about how many of certain jobs existed in the national economy was flawed and rendered the ALJ's step five determination unsupported by substantial evidence. [*Id.* at 27–32.] Plaintiff contends that the VE's reliance on Standard Occupational Classification ("SOC") codes, which Plaintiff alleges inflate the actual number of jobs in the national economy, was erroneous. [*See id.*] This argument fails. Numerous courts have permitted the use of SOC codes by VEs. *See, e.g.*, *Porter v. Colvin*, No. 14-4004 (RBK), 2015 U.S. Dist. LEXIS 56677, at *47–48 (D.N.J. Apr. 30, 2015) ("Though not specifically listed, this Court finds that the SOC qualifies as 'reliable job information available from various governmental and other publications.'" (quoting *McKinnon v. Commissioner*, No. 12-4717 (NLH), 2013 U.S. Dist. LEXIS 138036, at *5 (D.N.J. Sept. 26, 2013)). This Court finds no convincing reason to rule otherwise here. Therefore, the Court will not remand on this basis.

## V. CONCLUSION

For the reasons expressed above, the Court will affirm the ALJ's decision. An accompanying Order shall issue.

<u>November 30, 2021</u>                   <u>s/Renée Marie Bumb</u>
Date                                              Renée Marie Bumb
                                                               United States District Judge